UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LUKE BISSELL d/b/a JB&L UTILITY CONTRACTORS, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 4:19-cv-00025 (Judge Mazzant) |
| LEGENDS UNDERGROUND UTILITIES, INC., AMERICAN CONTRACTORS INDEMNITY COMPANY d/b/a TEXAS BONDING COMPANY and NORTH AMERICAN CONSTRUCTION SERVICES | § § § § § § § § | JURY DEMAND |
| Defendants. | § | |

_____

**PLAINTIFF LUKE BISSELL d/b/a JB&L UTILITY CONTRACTOR'S
FIRST AMENDED COMPLAINT**
_____

Plaintiff Luke Bissell d/b/a JB&L Utility Contractors files this First Amended Complaint against Defendants Legends Underground Utilities, Inc., American Contractors Indemnity Company d/b/a Texas Bonding Company, and North American Construction Services. In support thereof, Plaintiff shows the Court as follows:

### I.   PARTIES

1. Plaintiff Luke Bissell is an individual residing in Lamar County, Texas and doing business as JB&L Utility Contractors ("JB&L"). He can be served with process by serving the undersigned attorney.

2. Defendant Legends Underground Utilities, Inc. ("Legends") is a corporation doing business in Texas with its principal place of business located at 5345 W. Saginaw Road, Vassar, Michigan 48768. Legends has appeared and answered herein.

3. Defendant, American Contractors Indemnity Company d/b/a Texas Bonding Company ("Texas Bonding") is a corporation doing business in Texas with its principal place of business located at 801 S. Figuero Street, Suite 700, Los Angeles, California.  Texas Bonding has appeared and answered herein.

4. Defendant, North American Construction Services ("NACS") is a corporation doing business in Texas with its principal place of business located at 1710 Douglas Drive N., Suite 109, Golden Valley, Hennepin County, Minnesota 55422.  NACS has appeared and answered herein.

## II.  CLAIM FOR RELIEF

5. Plaintiff, JB&L seeks to recover damages for non-payment for work performed for Delta County, Texas on the Mount Joy and Pecan Gap Water Systems Improvement Project ("the Project").  Defendant Legends was the original contractor on the Project.  After encountering problems with Legends work on the Project, Delta County, Texas and Defendant Legends agreed to have Plaintiff, JB&L complete and correct certain of Legend's work.  Plaintiff JB&L completed the Project and corrected Legend's work.  Unfortunately, Plaintiff JB&L has not been paid for the work.  Defendant Legends, despite agreeing to pay Plaintiff JB&L and despite receiving payment from Delta County, Texas for Plaintiff JB&L's work, has not paid Plaintiff.

6. As part of the payment terms, the Project was bonded through Defendant, Texas Bonding and payment was to be made through Defendant NACS, as escrow agent.  Unfortunately, Defendant NACS failed to perform its duties as escrow agent and paid money belonging to Plaintiff, JB&L directly to Defendant Legends which has refused to remit the money to JB&L.

7. Thereafter, Plaintiff JB&L made claim on the bond of Defendant, Texas Bonding which has refused to pay the bond claim. Plaintiff, JB&L seeks to recover the current unpaid portion of the Project in the amount of $86,439.61 along with post judgment and pre-judgment interest, reasonable and necessary attorney fees and all costs of court.

### III.  DISCOVERY LEVEL AND CLAIM FOR RELIEF

8. There is a scheduling order in place for this case. Plaintiff seeks monetary relief within the jurisdictional limits of this Court.

### IV.  REQUEST FOR DISCLOSURES

9. The parties have made the initial disclosures required by TRCP 194.2.

### V.  VENUE AND JURISDICTION

10. Venue is proper in this court in that there is complete diversity between Plaintiff and each Defendant. This Court has jurisdiction over this case in that the Court has personal jurisdiction over the parties and the amount in controversy is within the jurisdictional limits of the Court.

### VI.  CONDITIONS PRECEDENT

11. All conditions precedent necessary to maintain this action have been performed or have occurred.

### VII.  FACTUAL BACKGROUND

12. Delta County, Texas ("Delta County") hired Defendant Legends to install waterlines associated with a project known as the Mount Joy Pecan Gap Water System Improvement Project. Legends was to install approximately 17,000 feet of 4 inch water line. Delta County advanced Legends the full amount of the materials to be used in the project. Such payment was made to Legends in the first pay request.

13. Upon information and belief, Legends began installing the water lines for Delta County on or about February 16, 2018.  Legends used a large track hoe with a 3 foot bucket to dig a 3 foot wide trench for a 4 inch water line.   The use of this equipment was improper and created problems for Delta County and its citizens and the Delta County Municipal Utility District (the "MUD") and its customers.  Specifically, many of the citizens complained of the damage to their property, crops and farmland to the point that it became apparent that Legends did not have the experience it claimed and was having difficulty completing the job within the boundaries of its agreement with Delta County.

Less than a week after beginning work, Matt Ingram, the General Manager of the MUD received several calls from MUD customers complaining that Legends had hit the main water line leaving them without water.  The customers complained that Legends did not repair the water line but simply kept trenching.   Legends never notified the MUD that it had damaged the main water line and left the job site without repairing the damaged line.

14. Upon receiving the complaint, Matt Ingram dispatched a crew to repair the line.  After repairing the line, Mr. Ingram went to Bobby Asbill's property which had also been damaged by Legends.  Mr. Asbill is a Delta County Commissioner.   Upon arriving at the Mr. Asbill's property, Mr. Ingram was met by the Delta County Judge, Jason Murry and MUD President, Robert Douglas, who had also received complaints about Legends.  After inspection, it was confirmed that Legends had damaged the main water line, not called it in, and had actually left the site without remedying the problem leaving the MUD customers without water.

Moreover, upon inspecting Legend's work, it was discovered that Legends had not installed the water line according to the contract specifications.   The line was not deep enough and had to be lowered.

15. After discovering the problems with Legends' work, Delta County met with Legends, it became apparent that Legends was not able to complete the project in a satisfactory manner. Delta County made the decision to change contractors. The decision to change contractors was made in part due to the lack of quality of Legends' work and Legends damaging the main water line during trenching and leaving without reporting the break to the MUD or repairing the line. When the decision was made to change contractors, Legends had installed approximately 4,800 feet of the water line.

18. Around the end of February 2018, Plaintiff, JB&L was contacted by Delta County regarding completing Legends' work on the Mount Joy and Pecan Gap Water Systems Improvement Project. JB&L agreed to complete the installation of the remaining water line. Shortly thereafter, a meeting was held at the Delta County Barn between Delta County representatives including MUD President Robert Douglas, Project Engineer Mike Tibbets, Delta County Commissioner Bobby Asbill, and Delta County Judge Jason Murray, and Legends' representatives Rick Cayer and Mike Talbert. At that meeting Legends agreed to lower the 4,800 feet of water line it had installed and further agreed to have Plaintiff JB&L take over and complete the installation of the remaining water line for the Project. Legends also agreed to transfer all materials to JB&L so that JB&L could complete the Project.

19. Thereafter, on or about March 5, 2018, Plaintiff, JB&L and Defendant Legends entered into a Memorandum of Understanding ("MOU") regarding the Project whereby Plaintiff, JB&L would perform the remaining water line installation related to the Project. Among other things, the MOU required Legends to pay Plaintiff JB&L the sum of $155,230.60 to complete the remainder of the project for Legends. The MOU also required Plaintiff JB&L

to install the remainder of the water line by directional drilling as much as possible to minimize disturbance of cultivated fields, pastures, front yards, and TXDot right of ways. Payment requests from Plaintiff JB&L were to be made through Legends as the general contractor. Legends agreed to pay Plaintiff JB&L within 10 days from receipt of payment by Legends from Delta County with Delta County and engineer approval.[1]

20. The MOU was revised thereafter to include partial pay requests from Plaintiff, JB&L, subject to Delta County review and approval. In addition, Defendant Legends was to provide a bond for the Project for Plaintiff, JB&L, which it provided through Defendant, Texas Bonding. At all times, invoices were to be approved by Delta County and the Project Engineer in order to become due and payable.[2]

21. When the MOU was signed, Rick Cayer and Mike Talbert from Legends met at the Pecan Gap Seed House with Matt Ingram with the Delta County MUD, Luke Bissell with JB&L, and Mike Tibbetts, the Project Engineer to discuss the status of the Project and to inventory the stored materials for the job. At that meeting, Legends confirmed it would lower the 4800 feet of line it had previously installed.[3] Legends also transferred the remaining materials to Plaintiff JB&L so that Plaintiff JB&L could complete the remaining water line installation. Plaintiff JB&L agreed to complete the remaining work on the Project and accepted the transfer of materials from Legends. At the time of the transfer and release of materials to Plaintiff JB&L, payment for the materials had been paid in full or submitted for payment in full by Legends pay request No. 1.

_____

[1] A true and correct copy of the Memorandum of Understanding is attached hereto as Exhibit "A".
[2] A true and correct copy of the revised Memorandum of Understanding is attached as Exhibit "B". Although agreed by the parties, the revised Memorandum of Understanding is not signed.
[3] After lowering the 4800 feet of water line, Legends demobilized and pulled off the job leaving Plaintiff JB&L to complete the project. It was later discovered after the lines were pressurized, the 4800 feet of line installed by Legends had substantial leaks which Plaintiff JB&L repaired at the request of Delta County, Texas.

22. As part of the payment process for the Project, Defendant, NACS agreed to serve as escrow agent to ensure that proper payments on the Project were made and that the contractors on the Project, including Plaintiff JB&L were paid. Defendant, NACS agreed to accept the appointment as escrow agent and agreed to make proper payments under the escrow agreement. In accordance with the payment procedures, Delta County issued payment instructions to Defendant NACS for payment to Plaintiff JB&L and to Legends.

23. After the MOU was signed, Plaintiff JB&L began its work to complete Legends' scope of work on the Project. Delta County and the Project Engineer approved JB&L's first pay request in May of 2018 for $80,802.43. JB&L's pay request was submitted with Legends' pay request No. 2 for a total of $93,911.52. Legends' pay request No. 2 which included JB&L's initial phase of work was finally approved by the Project Engineer on June 4, 2018. Legends' pay request No. 2 was approved for $84,520.37, which was the total amount less retainage of $9,391.15.

24. Because the relationship between Delta County and Legends had deteriorated, and to ensure that the escrow company was aware of JB&L's approved pay request, Mr. Charles Edwards, with Resource Management & Consulting Co., the grant administrator for Delta County, included JB&L's pay request No. 1 as part of Legends' pay request No. 2 as back up for the pay request and to ensure the escrow company paid JB&L. Mr. Edwards' letter to the escrow company sent on June 25, 2018 along with Legends' pay request No. 2. The payment was made by two checks; one from Delta County Treasurer in the amount of $79,520.37 and the matching check from Delta County MUD in the amount of $5,000.00.

25. After the pay request was sent, Mr. Edwards learned that JB&L did not receive payment of its pay request, and contacted the escrow agent, Defendant NACS.  On or about July 9, 2018, Mr. Edwards talked to Lindsey Johansson with Defendant NACS who admitted to missing the pay request for JB&L.  She apologized for not paying JB&L and told him that Legends would write a check directly to JB&L for the $80,802.43.  She also told him that Legends had funds from another account which could be used to pay JB&L, if Legends did not make payment to JB&L directly.

26. Mr. Edwards followed up with Ms. Johansson by email on July 17, 2018 asking if there had been any progress on getting JB&L paid.  She told him she had contacted the surety and would let him know the outcome.  To date, JB&L has not received payment from Defendant NACS or Defendant Legends.

27. Despite not receiving payment, Plaintiff JB&L continued to work to complete the water line installation for Delta County, Texas.  Because JB&L did not receive payment on its pay request and when Legends and NACS failed to pay JB&L, Delta County successfully lobbied to pay Plaintiff JB&L directly instead of through Legends or NACS.  To that end, JB&L's second pay request in the amount of $57,654.47, with retainage removed was processed without incident with Delta County paying $13,960.61 and the MUD paying matching funds of $43,693.86.

28. JB&L completed its work on the Project which was inspected and finally approved by Delta County, Legends, and the Engineer on November 13, 2018.  A copy of the Certificate of Construction Completion ("COCC") is attached hereto as Exhibit "D".  The COCC includes a reduction in the amount owed to Legends under its contract with Delta County which was

used, in part, to pay JB&L for repairing leaks on the portion of the water line originally installed by Legends.

29. The contract price Legends agreed to pay JB&L upon completion of its work was $155,230.60. JB&L receive payment on the contract in the amount of $57,654.47 directly from Delta County with $11,136.52 in retainage being released to JB&L. After all valid offset, payments received from Delta County, and credits for the retainage due to JB&L, the contract balance owed by Legends to JB&L is $86,439.61 along with attorney's fees, prejudgment and post judgment interest as allowed by law.

30. Prior to filing this lawsuit, and while the work on the Project was continuing, Plaintiff JB&L demanded payment from Defendant Legends for payment of the wrongfully taken $80,802.43, which demand was refused. Plaintiff JB&L has also demanded payment from Defendant Texas Bonding for payment of the $80,802.43 approved by Delta County and Mike Tibbetts, its Project Engineer on May 14, 2018, which demand was refused.

31. Plaintiff JB&L seeks to recover from all Defendants, individually, or jointly, the balance owing on the MOU of $86,439.61 which includes the payment of $80,802.43 wrongfully paid by Defendant NACS and wrongfully kept by Defendant Legends. Plaintiff also seeks to recovery reasonable and necessary attorney's fees, pre-judgment and post judgment interest and all costs of court.

## VIII.  CAUSES OF ACTION

32. The foregoing factual background is hereby realleged and incorporated into each cause of action below which are pleaded in the alternative. All conditions precedent to the filing and prosecution of this lawsuit have occurred or been fulfilled.

**A. Breach of Contract**

33. Defendant Legends breached the terms of the agreements regarding the Project, including the MOU and its revision and failed to pay Plaintiff JB&L all amounts due and owing for its work.  As a result, Plaintiff has been damaged in an amount in excess of the jurisdictional limits of this court.

34. Defendant Texas Bonding breached the terms of the bond agreement by failing to pay the amounts due and owing to Plaintiff, JB&L. As a result, Plaintiff has been damaged in an amount in excess of the jurisdictional limits of this court.

35. Defendant, NACS breached the terms of its escrow agreement with the parties, by failing to pay the amounts due and owing to Plaintiff, JB&L.  As a result, Plaintiff, as a third-party beneficiary to the escrow agreement, has been damaged in an amount in excess of the jurisdictional limits of this court.

**B. Breach of Fiduciary Duty**

36. Defendant, NACS owed Plaintiff, JB&L a fiduciary duty in handling the payments for the Project.  Despite its written agreement and despite receiving an approved pay request for payment to Plaintiff JB&L Defendant, NACS breached its duty to Plaintiff JB&L by failing to ensure that Plaintiff JB&L received payment for its work on the Project.  As a result, Plaintiff has been damaged in an amount in excess of the jurisdictional limits of this court.

**C.  Negligence**

37. Defendant, NACS as an escrow agent, owed Plaintiff JB&L as payee and third party beneficiary under the escrow agreement, a duty to ensure that proper payment of the construction funds were made.  Defendant, NACS breached that duty to Plaintiff JB&L proximately causing harm to Plaintiff by Plaintiff not receiving payment due for its work on the

Project despite receiving an approved pay request from Delta County. As a result, Plaintiff has been damaged in an amount in excess of the jurisdictional limits of this court.

## IX. DAMAGES

38. Plaintiff seeks to recover the balance owed on the contract in the amount of $86,439.61 due and owing for the work done on the Project, which includes the $80,802.43 wrongfully paid by Defendant NACS and withheld by Defendant Legends. Plaintiff also seeks to recover reasonable and necessary attorney fees incurred in the prosecution of this cause along with pre-judgment and post judgment interest allowed by law.

## X. PRAYER

39. Plaintiff respectfully prays that that upon final trial, Plaintiff have judgment against Defendants, jointly and severally, for the following:

a. Judgment in favor of Plaintiff against Defendant Legends Underground Utilities, Inc. for the balance owing on the contract of $86,439.61 along with pre-judgment and post judgment interest allowed by law;

b. Judgment in favor of Plaintiff against Defendant North American Construction Services and Defendant American Contractors Indemnity Company d/b/a Texas Bonding Company for the payment of $80,802.43 wrongfully paid to Defendant Legends along with pre-judgment and post judgement interest allowed by law;

c. Reasonable and necessary attorney fees as allowed by law;

d. All costs of court; and

e. All other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Luke Motley, IV*
LUKE MOTLEY, IV
SBN 14595960
Lmotley4@motleypc.com

LAW OFFICES OF LUKE MOTLEY, P.C.
111 South Travis Street Sherman, TX 75090
Telephone:	(903) 892-9133
Facsimile:	(903)903-957-4302