# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| LUKE BISSELL d/b/a JB&L UTILITY CONTRACTORS, <br>   *Plaintiff*, <br><br> v. <br><br> LEGENDS UNDERGROUND UTILITIES, INC., AMERICAN CONTRACTORS INDEMNITY COMPANY d/b/a TEXAS BONDING COMPANY and NORTH AMERICAN CONSTRUCTION SERVICES, <br>   *Defendants*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 4:19-cv-00025 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Luke Bissell d/b/a JB&L Utility Contractor's Motion for Partial Summary Judgment Against Defendant Legends Underground Utilities, Inc. (Dkt. #45). Having considered the motion and relevant pleadings, the Court finds that the motion should be **GRANTED**.

### BACKGROUND

**I. Factual Summary**

In June 2017, Delta County, Texas hired Defendant Legends Underground Utilities, Inc. ("Legends") to complete the Mount Joy and Pecan Gap Water System Improvement Project—a project calling for the installation of approximately 17,000 feet of 4-inch water line. Legends used a large track hoe with a 3-foot bucket to dig a 3-foot wide trench for 4-inch water line. As it turns out, Legends' use of such equipment caused problems for Delta County, its citizens, and the Delta County Municipal Utility District ("MUD"). Many citizens complained of damage to their property, crops, and farmland and reached out to Matt Ingram, the General Manager of the Delta

County MUD, to inform him of their concern that Legends had hit the main water line and failed to repair it.

Mr. Asbill, the Delta County Commissioner; Judge Murray, the Delta County Judge; Mr. Douglas, the Delta County MUD president; and Mr. Ingram inspected a damaged property and confirmed that Legends had indeed damaged the main water line, not called it in, and left the site without remedying the problem. Moreover, they apparently discovered that Legends had not installed the water line according to contract specifications, as the line was not deep enough and needed to be lowered. After discovering these problems, Delta County decided to change contractors. Up to this point, Legends had installed approximately 4,800 feet of water line.

Near the end of February 2018, Delta County hired Plaintiff JB&L Utility Contractors ("JB&L") to complete the installation of the remaining water line. Shortly thereafter, Delta County representatives met with Legends representatives, Richard Cayer and Mike Talbert, and Legends agreed to lower the 4,800 feet of water line already installed. They further agreed to transfer all materials to JB&L and to have JB&L take over and complete the project. The agreement between Legends and JB&L was reduced to a Memorandum of Understanding ("MOU"), dated March 5, 2018 and signed by both Legends and JB&L. The terms of the MOU are reproduced in full below.

1. Legends Underground Utilities, Inc. ("Legends") has installed approximately 4,800 feed of 4" HDPE pipe along FM 904 south of the intersection with FM 64 in Pecan Gap. The method of installation thus far has been open-cut trenching.

2. JB&L Utility ("JB&L") will complete the remainder of the job for Legends. JB&L will install the remainder of the pipe with directional drilling as much as possible so that the disturbance of cultivated fields, pastures, front yards, and TXDoT right-of-way will be minimized.

3. JB&L will provide a performance bond to Legends for the completion of the job as shown on the Hayter Engineering drawings (dated April 21, 2017), except that the remainder of the job will be completed with boring as described in note #2 above.

4. Legends will still be the general contractor; and will be responsible for the final completion of the job.

5. Legends agrees to pay $155,230.60 to JB&L for the arrangement mentioned above.

6. Final payment to both parties will not be made until all of the job is installed, successfully tested, cleaned up, and proper paperwork submitted.

7. Legend[s] will provide all of the pipe and related materials for JB&L. JB&L will meet with Legends and verify that all of the materials (as shown on the Core and Main invoices) necessary to complete the job are already on site. Legends will make arrangements to attain the necessary components to complete the job (with the exception of rock, gravel, asphalt, etc. for driveway repairs).

8. Once the materials have been attained and documented, JB&L will be responsible for securing these materials from theft or damage.

9. Liquidated damages shall be $500 per day for each day beyond the contract completion date that the job is not substantially complete.

10. JB&L shall have 90 days from the date of the signing of this contract to attain substantial completion.

11. Any other materials needed such as stone, sand, gravel, asphalt, and etc. will be the responsibility of JB&L.

12. JB&L will provide waivers (proof of payment to subs and suppliers) to Legends prior to each pay request, including final pay request.

13. JB&L will provide a certificate of insurance equal to the policy that is held by Legends Underground Utilities Inc. to the owner and Legends.

14. Payment Request to come thru Legends. Payment to JB&L paid within 10 days from receipt of payment from owner to Legends, provided owners and engineers approv[e].

15. JB&L is to provide Legends with waivers from all vendors and employees when submitting pay requests.

16. Both parties agree to the sufficiency of the outline described above.

On March 8, 2018, the MOU was revised to include two additional terms. The additional terms were included in handwriting at the bottom of the MOU and are reproduced below.

- Partial pay requests from JB&L to Legends are acceptable
- Legends will bond the job for JB&L for 5% of the $155,230.60 contract amount ($7,761.53).

The revised MOU was not initialed, signed, or dated by either Legends or JB&L. According to JB&L, both sides agreed to the additional terms.

JB&L completed its work on the project on November 13, 2018. Delta County, Legends, and a project engineer inspected JB&L's work and approved it in a Certificate of Construction Completion ("COCC"). The COCC's material provisions are reproduced below.

> This is to certify that all construction work has been completed and a final inspection of the project described below was conducted on the 13th day of November, 2018. Contract was entered into on the 12th day of June, 2017 between the county of Delta and Legends Underground Utilities, Inc. for the construction of Mt. Joy and Pecan Gap Water System Improvements.
>
> This is to further certify that:
> 1. The work has been completed in accordance with the plans and specifications and all amendments, change orders and supplemental agreements thereto.
>
> 2. The sum of $20,890.12 has been deducted from the final payment to the Contractor in accordance with any contract liquidated damages requirements, separate from any liquidated damages resulting from Davis-Bacon compliance.
>
> 3. All programmatic requirements have been met, all claims and disputes have been settled, all warranties have been received, and all liens have been released.
>
> 4. The Contractor has presented on behalf of itself and its sureties, satisfactory evidence that he or she will repair, replace, and rectify any faulty workmanship and/or materials discovered in the work within a period of 12 months from this date, as provided in the Contract.
>
> 5. All bills for materials, apparatus, fixtures, machinery, labor, and equipment used in connection with the construction of this project have been fully paid.

The COCC was signed and dated by Mike Tibbets, the project engineer; Richard Cayer, a Legends representative and project Contractor; and Judge Murray, the Chief Elected Official/Designee.

In its Amended Complaint, JB&L asserts three causes of action: (1) breach of contract against Legends, Defendant Texas Bonding Company, and Defendant North American Construction Services ("NACS"); (2) breach of fiduciary duty against NACS; and (3) negligence against NACS.

JB&L seeks summary judgment as to only the breach of contract action against Legends. It is undisputed that the full contract price for JB&L's work was $155,230.60 and that JB&L has received $68,790.99 on the contract. In this motion, JB&L seeks the outstanding $86,439.61 from Legends plus reasonable attorney's fees.

## II.  Procedural History

On June 14, 2019, Plaintiff filed an Amended Complaint (Dkt. #30). On August 22, 2019, Plaintiff filed a Motion for Partial Summary Judgment against Legends (Dkt. #45).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

5

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).

Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

**ANALYSIS**

To prevail on a breach of contract claim in Texas, the plaintiff must show that (1) a valid contract exists; (2) the plaintiff performed or tendered performance as contractually required; (3) the defendant breached the contract by failing to perform or tender performance as contractually required; and (4) the plaintiff sustained damages due to the breach. *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019).

Legends did not respond to JB&L's motion for partial summary judgment or otherwise oppose the claims and arguments advanced by JB&L, so the Court presumes that Legends does not controvert the facts set out by JB&L and has no evidence to offer in opposition to JB&L's motion. LOCAL RULE CV-7(d).

There does not appear to be a dispute about the existence of a valid contract. The MOU was executed and signed on March 5, 2018 by both parties.[1] Moreover, there appears to be valid consideration: Legends was to pay JB&L $155,230.60 for the arrangement set out in the MOU. Accordingly, the Court finds that JB&L has established the existence of a valid contract as a matter of law. Moreover, to the extent that the second and third elements are satisfied, there does not appear to be any doubt that JB&L sustained damages: if JB&L performed and either was not paid or was only partially paid, its damages would be the balance of the contract. Accordingly, the Court finds that, provided the second and third elements are satisfied, JB&L sustained damages sufficient to satisfy the fourth element.

The analysis, then, turns on whether genuine issues of material fact exist as to the second and third elements. The Court will turn first to the second element. The MOU establishes JB&L's

---

[1] The revised MOU, apparently drawn on March 8, 2018, was neither signed nor dated by Richard Cayer or Luke Bissell. The Court does not address the enforceability of the unsigned revised MOU in this Order, however, as there is currently no argument before the Court that its additional terms affect Legends' potential liability to JB&L. The Court accordingly evaluates Legends' potential contract liability based on the terms of the original MOU.

contractual obligations to Legends. Specifically, Paragraphs 2, 3, 7–8, 10–13, and 15 of the MOU set out in substantial part JB&L's obligations. JB&L argues that it met all of its obligations, and Legends advances no argument contesting that claim. In fact, in signing the COCC, Legends certified that all construction work for the Mt. Joy and Pecan Gap Water System Improvements Project was completed, inspected, and approved. As JB&L was the party responsible for completing the construction work, the Court is satisfied that JB&L did indeed fully perform its obligations under the MOU. Any potential argument to the contrary is belied by Legends' own certification that JB&L performed "in accordance with the plans and specifications and all amendments, change orders and supplemental agreements thereto." Accordingly, based on the summary judgment record, the Court is satisfied that JB&L has met all of its obligations under the MOU and that there is no genuine issue of material fact as to the second element.

Turning to the third element, the Court finds that Legends breached the contract by failing to tender payment as contractually required. The fifth paragraph of the MOU provides that Legends would pay JB&L $155,230.60 for full completion of the construction work as described in the agreement. JB&L fully performed the work, but as the Bissell, Ingram, and Edwards affidavits indicate, Legends has not paid JB&L the agreed amount (Dkt. #45-4; Dkt. #45-5; Dkt. #45-6). Thus, there is no genuine issue of material fact as to the third element, and the only issue remaining for the Court is the amount owed on the contract.

It is undisputed that the full contract price for JB&L's work was $155,230.60. It is also undisputed that JB&L has received some payment for its work. Specifically, it appears that JB&L has received $57,654.47 from Delta County and the Delta County MUD and $11,136.52 in retainage. In total, then, JB&L has received $68,790.99 on the contract. Reducing the contract

price by this amount, the balance comes to $86,439.61. Accordingly, Legends is liable to JB&L in contract damages for $86,439.61.

As a final matter, JB&L requests reasonable and necessary attorney's fees. This is a breach of contract case governed by Texas law, and Texas law provides for recovery of "reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001(8).[2] Accordingly, JB&L is entitled to reasonable attorney's fees from Legends in an amount to be determined by the Court after appropriate briefing.

## CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** that Plaintiff Luke Bissell d/b/a JB&L Utility Contractor's Motion for Partial Summary Judgment Against Defendant Legends Underground Utilities, Inc. (Dkt. #45) is **GRANTED**. Legends is hereby **ORDERED** to tender to JB&L contract damages in the amount of $86,439.61.

In addition, the Court finds JB&L is entitled to reasonable attorney's fees from Legends. JB&L is accordingly **ORDERED** to submit briefing on the issue of reasonable attorney's fees within fourteen (14) days of the date of this Order so the Court can determine the amount to which it is justly entitled.

All other relief not sought herein is **DENIED**.

**IT IS SO ORDERED.**
**SIGNED this 3rd day of January, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[2] Moreover, this claim for attorney's fees is not one for which an exception exists under § 38.006.

9