# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| LUKE BISSELL d/b/a JB&L UTILITY CONTRACTORS,<br>    *Plaintiff*,<br><br>v.<br><br>LEGENDS UNDERGROUND UTILITIES, INC., AMERICAN CONTRACTORS INDEMNITY COMPANY d/b/a TEXAS BONDING COMPANY and NORTH AMERICAN CONSTRUCTION SERVICES,<br>    *Defendants*. | § § § § § § § § § § § § § § | Civil Action No. 4:19-cv-00025<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Luke Bissell d/b/a JB&L Utility Contractors Supplemental Brief and Declaration in Support of Attorney Fees (Dkt. #57). Having considered the motion and declaration, the Court finds that JB&L is entitled to $34,236.23 in attorney's fees from Legends.

### BACKGROUND

In June 2017, Delta County, Texas hired Defendant Legends Underground Utilities, Inc. ("Legends") to complete the Mount Joy and Pecan Gap Water System Improvement Project—a project calling for the installation of approximately 17,000 feet of 4-inch water line. Legends used a large track hoe with a 3-foot bucket to dig a 3-foot wide trench for 4-inch water line. As it turns out, Legends' use of such equipment caused problems for Delta County, its citizens, and the Delta County Municipal Utility District ("MUD"). Many citizens complained of damage to their property, crops, and farmland and reached out to Matt Ingram, the General Manager of the Delta County MUD, to inform him of their concern that Legends had hit the main water line and failed to repair it.

Mr. Asbill, the Delta County Commissioner; Judge Murray, the Delta County Judge; Mr. Douglas, the Delta County MUD president; and Mr. Ingram inspected a damaged property and confirmed that Legends had indeed damaged the main water line, not called it in, and left the site without remedying the problem. Moreover, they apparently discovered that Legends had not installed the water line according to contract specifications, as the line was not deep enough and needed to be lowered. After discovering these problems, Delta County decided to change contractors. Up to this point, Legends had installed approximately 4,800 feet of water line.

Near the end of February 2018, Delta County hired Plaintiff JB&L Utility Contractors ("JB&L") to complete the installation of the remaining water line. Shortly thereafter, Delta County representatives met with Legends representatives, Richard Cayer and Mike Talbert, and Legends agreed to lower the 4,800 feet of water line already installed. They further agreed to transfer all materials to JB&L and to have JB&L take over and complete the project. The agreement between Legends and JB&L was reduced to a Memorandum of Understanding ("MOU"), dated March 5, 2018 and signed by both Legends and JB&L. The terms of the MOU are reproduced in full below.

1. Legends Underground Utilities, Inc. ("Legends") has installed approximately 4,800 feed of 4" HDPE pipe along FM 904 south of the intersection with FM 64 in Pecan Gap. The method of installation thus far has been open-cut trenching.

2. JB&L Utility ("JB&L") will complete the remainder of the job for Legends. JB&L will install the remainder of the pipe with directional drilling as much as possible so that the disturbance of cultivated fields, pastures, front yards, and TXDoT right-of-way will be minimized.

3. JB&L will provide a performance bond to Legends for the completion of the job as shown on the Hayter Engineering drawings (dated April 21, 2017), except that the remainder of the job will be completed with boring as described in note #2 above.

4. Legends will still be the general contractor; and will be responsible for the final completion of the job.

5. Legends agrees to pay $155,230.60 to JB&L for the arrangement mentioned above.

6. Final payment to both parties will not be made until all of the job is installed, successfully tested, cleaned up, and proper paperwork submitted.

7. Legend[s] will provide all of the pipe and related materials for JB&L. JB&L will meet with Legends and verify that all of the materials (as shown on the Core and Main invoices) necessary to complete the job are already on site. Legends will make arrangements to attain the necessary components to complete the job (with the exception of rock, gravel, asphalt, etc. for driveway repairs).

8. Once the materials have been attained and documented, JB&L will be responsible for securing these materials from theft or damage.

9. Liquidated damages shall be $500 per day for each day beyond the contract completion date that the job is not substantially complete.

10. JB&L shall have 90 days from the date of the signing of this contract to attain substantial completion.

11. Any other materials needed such as stone, sand, gravel, asphalt, and etc. will be the responsibility of JB&L.

12. JB&L will provide waivers (proof of payment to subs and suppliers) to Legends prior to each pay request, including final pay request.

13. JB&L will provide a certificate of insurance equal to the policy that is held by Legends Underground Utilities Inc. to the owner and Legends.

14. Payment Request to come thru Legends. Payment to JB&L paid within 10 days from receipt of payment from owner to Legends, provided owners and engineers approv[e].

15. JB&L is to provide Legends with waivers from all vendors and employees when submitting pay requests.

16. Both parties agree to the sufficiency of the outline described above.

On March 8, 2018, the MOU was revised to include two additional terms. The additional terms were included in handwriting at the bottom of the MOU and are reproduced below.

- Partial pay requests from JB&L to Legends are acceptable

- Legends will bond the job for JB&L for 5% of the $155,230.60 contract amount ($7,761.53).

The revised MOU was not initialed, signed, or dated by either Legends or JB&L. According to JB&L, both sides agreed to the additional terms.

JB&L completed its work on the project on November 13, 2018. Delta County, Legends, and a project engineer inspected JB&L's work and approved it in a Certificate of Construction Completion ("COCC"). The COCC's material provisions are reproduced below.

> This is to certify that all construction work has been completed and a final inspection of the project described below was conducted on the 13th day of November, 2018. Contract was entered into on the 12th day of June, 2017 between the county of Delta and Legends Underground Utilities, Inc. for the construction of Mt. Joy and Pecan Gap Water System Improvements.
>
> This is to further certify that:
> 1. The work has been completed in accordance with the plans and specifications and all amendments, change orders and supplemental agreements thereto.
>
> 2. The sum of $20,890.12 has been deducted from the final payment to the Contractor in accordance with any contract liquidated damages requirements, separate from any liquidated damages resulting from Davis-Bacon compliance.
>
> 3. All programmatic requirements have been met, all claims and disputes have been settled, all warranties have been received, and all liens have been released.
>
> 4. The Contractor has presented on behalf of itself and its sureties, satisfactory evidence that he or she will repair, replace, and rectify any faulty workmanship and/or materials discovered in the work within a period of 12 months from this date, as provided in the Contract.
>
> 5. All bills for materials, apparatus, fixtures, machinery, labor, and equipment used in connection with the construction of this project have been fully paid.

The COCC was signed and dated by Mike Tibbets, the project engineer; Richard Cayer, a Legends representative and project Contractor; and Judge Murray, the Chief Elected Official/Designee.

In its Amended Complaint, JB&L asserts three causes of action: (1) breach of contract against Legends, Defendant Texas Bonding Company, and Defendant North American

4

Construction Services ("NACS"); (2) breach of fiduciary duty against NACS; and (3) negligence against NACS.

On August 22, 2019, JB&L filed a Motion for Partial Summary Judgment against Legends (Dkt. #45). JB&L sought summary judgment as to only the breach of contract action against Legends. On January 3, 2020, the Court issued a Memorandum Opinion and Order granting JB&L's motion and ordered Legends "to tender to JB&L contract damages in the amount of $86,439.61" (Dkt. #48). In addition, the Court found that JB&L was entitled to reasonable attorney's fees from Legends and ordered JB&L to "submit briefing on the issue of reasonable attorney's fees within fourteen (14) days of the date of [the] Order" (Dkt. #48). In response to the Court's January 3, 2020 Memorandum Opinion and Order, JB&L filed its Brief and Declaration in Support of Attorney's Fees on January 17, 2020 (Dkt. #50). On January 27, 2020, the Court dismissed with prejudice all claims against Defendant Texas Bonding Company and Defendant NACS, leaving Defendant Legends as the only remaining Defendant (Dkt. #53)

On March 25, 2020, the Court ordered Plaintiff to supplement its Brief and Declaration in Support of Attorney Fees with a more precise calculation of how it arrived at the $30,228.13 figure it seeks (Dkt. #55). On April 7, 2020, Plaintiff filed its Supplemental Brief and Declaration in Support of Attorney Fees (Dkt. #57). Legends did not file a response.

**LEGAL STANDARD**

Attorneys' fees and costs are recoverable for breach of contract under Texas Law. TEX. CIV. PRAC. & REM. CODE § 38.001(8). Courts use the lodestar method to calculate reasonable attorney's fees. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). The lodestar is calculated by multiplying the number of hours an attorney spent on the case by an appropriate hourly rate. *Id.* at 502. A reasonable hourly rate is the "prevailing market rate in the relevant legal

community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895–96 n.11 (1984)). The relevant legal community is the community where the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). The lodestar is presumptively reasonable. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

The party seeking attorneys' fees must present adequately recorded time records. *Watkins*, 7 F.3d at 457. The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *Id.* The hours remaining are those reasonably expended. *Id.*

The Court then considers whether the circumstances warrant a lodestar adjustment. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). In making any adjustment, the Court considers twelve *Johnson* factors. *Id.* (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). The *Johnson* factors are:

> (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases.

*Id.* (citing *Johnson*, 488 F.2d at 717–19).

The most critical factor in determining reasonableness is the degree of success obtained. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). "Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted). Three of the *Johnson* factors—complexity of the issues, results obtained, and preclusion of other employment—are fully reflected in the lodestar amount.

6

*Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). "[T]he court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Migis*, 135 F.3d at 1047 (citation omitted).

## ANALYSIS

JB&L asks the Court to award it $34,228.13 in attorney's fees. In support, JB&L provided the declaration of its designated expert, Roger Sanders (Dkt. #57-1).

Based on Mr. Sanders' declaration, the Court calculated the lodestar as follows. First, it multiplied the number of hours Mr. Motley worked, 95.45 hours, by his hourly rate, $300.00/hour, for a total of $28,635.00. The Court then multiplied the number of hours worked by Mr. Motley's paralegal, 49.95 hours, by her hourly rate, $90.00/hour, for a total of $4,495.50. Adding these together produced a total lodestar of $33,130.50. This lodestar represents the fees incurred in prosecuting this action through summary judgment.

Next, the Court considered the Johnson factors to determine whether an adjustment of the lodestar was warranted. After careful consideration, the Court finds that no adjustment of the lodestar was warranted here. The Court finds that Mr. Motley's fee and his paralegal's fee were reasonable in light of the prevailing market rate in the community in which the Court sits and that, looking at the nature of the case in its entirety, the time and effort spent by Mr. Motley and his paralegal was fair, reasonable, and not excessive, duplicative, or unnecessary.

To the lodestar figure of $33,130.50, the Court then added $465.31 in miscellaneous expenses Plaintiff reasonably incurred throughout the litigation—expenses from filing fees, copies, postage, and travel. This produced a total fee and expenses amount of $33,595.81.[1]

Next, based on Mr. Sanders' declaration, the Court reduced that figure by ten percent (10%). It did so to account for any overlap of fees accrued against all three defendants, in an effort to arrive at the amount of time spent and expenses incurred in representing Legends alone. This reduced the $33,595.81 figure to $30,236.23.

Finally, Mr. Sanders' declaration estimated that additional fees totaling between $3,000.00 and $5,000.00 would be incurred for the legal work preceding the Court's entry of final judgment. Thus, the Court finds that increasing the $30,236.23 figure by $4,000.00 to account for those additional fees is reasonable. This produces a total attorney's fees figure of $34,236.23.

## CONCLUSION

For the foregoing reasons, Legends is hereby **ORDERED** to pay the sum of $34,236.23 in attorney's fees to Plaintiff.

**SIGNED this 28th day of April, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[1] Mr. Sanders' declaration indicates this total is $33,586.81, but that is incorrect. Adding $465.31 to $33,130.50 equals $33,595.81. It appears that Mr. Sanders inadvertently used $456.31 in his calculation instead $465.31. Thus, the Court's calculations from this point forward will differ slightly from those listed in Mr. Sanders' declaration.